IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RONNIE FANTAE MACKEY**

**VS.**                                                      **CIVIL ACTION NO. 2:10Ccv172-KS-MTP**

**JUDGE ROBERT B. HELFRICH, ET AL**

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Report and Recommendation [6] filed by U. S. Magistrate Judge Michael T. Parker. The Report and Recommendation is the result of a *sua sponte* evaluation of Plaintiff's claim pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff Mackey is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has considered the Report and Recommendation, which was filed December 13, 2010 [6], and the Objection [9] to the Report and Recommendations filed by Plaintiff, and the Court has additionally considered the record herein, and finds as follows:

### 1. PROCEDURAL HISTORY

On or about June 12, 2010, Plaintiff Ronnie Fantae Mackey filed this civil action against Forrest County Circuit Court Judge Robert B. Helfrich, Assistant District Attorney Patricia Burchell, and Forrest County pursuant to 42 U.S.C. § 1983. However, because the complaint appeared to allege matters for which the some of the Defendants may enjoy absolute judicial immunity, the court undertook to screen this matter consistent with its duties under 28 U.S.C. § 1915(e)(2). To that end, the court entered an order directing that no process issue at this time. *See* Order [5]. Having carefully reviewed Plaintiff's claims, the court is convinced that Plaintiff's claims against

Judge Helfrich and Ms. Burchell must be dismissed on grounds of judicial immunity and his claims against Forrest County should be dismissed for failure to state a claim.

In his Complaint, Plaintiff claims that Judge Helfrich and Assistant District Attorney Patricia Burchell violated his constitutional rights by causing him to be illegally arrested on March 30, 2007, which caused his thirty-year suspended sentence to be revoked on April 10, 2007. Thus, Plaintiff was sentenced to his original thirty-year term of imprisonment. Plaintiff appealed his sentence, and on June 30, 2007, the Mississippi Supreme Court reversed the circuit court's revocation of his suspended sentence and ordered his release from prison. *See Mackey v. State*, 37 So. 3d 1161 (Miss. 2010).[1] Plaintiff claims he was wrongfully imprisoned for thirty-nine months as a result of the actions of the Forrest County Circuit Court. Plaintiff alleges the following causes of action: false arrest, false imprisonment, abuse of process, malicious prosecution and due process violations.

---

[1] Ronnie Mackey pleaded guilty to one count of transfer of a controlled substance in the Circuit Court of Forrest County. The trial judge, Judge Helfrich, followed the State's recommendation and sentenced him to a thirty-year prison term, but suspended the entire sentence. Judge Helfrich imposed several requirements during the period of the suspended sentence, one of which was that Mackey was to leave Hattiesburg within forty-eight hours and was to remain outside of a one-hundred mile radius of Hattiesburg for thirty years. Despite the court's ruling, and for reasons unexplained in the record, Mackey (involuntarily) remained in jail for approximately fifty hours after sentencing. Thus, when he was released from jail, he was already in violation of the banishment order. He was still in town six days later when he was spotted by a police officer and arrested for violating the condition of his suspended sentence. *Mackey*, 37 So. 3d at 1162-63.

The trial court revoked the suspension and imposed the full thirty-year sentence. Mackey filed a motion for post-conviction relief (PCR), which the trial court dismissed without an evidentiary hearing. The Court of Appeals affirmed the trial court's dismissal of Mackey's motion for PCR. He then filed a petition for a writ of certiorari, which the Mississippi Supreme Court granted. The Mississippi Supreme Court reversed and rendered the trial court's order revoking Mackey's suspended sentence based on a violation of the banishment order, finding that the banishment condition lacked adequate factual basis. *Id*. at 1162-67.

Plaintiff seeks compensation for his lost wages in the amount of $280,322 and punitive damages for psychological injuries in the amount of 300 times his lost wages, for a total amount of $84,379,932.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The Plaintiff, in his objection, states that the Magistrate Judge is "not wholly correct."   He then states that Judge Helfrich is an official policy maker for Forrest County and cites some inapplicable case law.  Judge Helfrich is a state elected official and is specifically an elected judge and is not a policy maker for Forrest County.  This Court, having found that Judge Helfrich is not a policy maker for Forrest County, the remainder of this portion of the objection fails.  Also, the same is true for Assistant

District Attorney (now District Attorney) Patricia Burchell.  Both of the officials are entitled to judicial immunity. The findings of Judge Parker relative to the actions of Judge Helfrich and District Attorney Burchell are correct. Their actions in this case were purely a part of their judicial acts and the case law is clear that they are absolutely immune.

Additionally, no objection was stated regarding the dismissal of Forrest County, but this Court finds that the analysis by Judge Parker relative to Forrest County's dismissal, is a correct statement of the law.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Mackey's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Ronnie Fantae Mackey's  claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the <u>9th </u> day of <u>February, 2011.</u>

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE